IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:19CR494 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JUSTIN OLSEN, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | APPEAL OF MAGISTRATE'S ORDER |
| | ) | OF DETENTION |

Now comes the Plaintiff, United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Yasmine Makridis, Assistant United States Attorney, and hereby submits its opposition to Defendant's Appeal of Magistrate's Order of Detention for the reasons set forth as follows.

## I.  LAW AND ARGUMENT

Federal Rule of Criminal Procedure 59(a) provides in part that after a Magistrate Judge conducts proceedings and enters on the record an order stating the determination, a party may file objections to the order. Once an objection is filed, a district judge must consider timely objections and modify or set aside any part of the order that is *contrary to law* or *clearly erroneous*. Fed. R. Crim. P. 59(a). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

On August 16, 2019 a detention hearing was held pursuant to Title 18, Section 3142(f), of the United States Code. After considering the evidence presented, Magistrate Judge Limbert issued an order of detention (R. 11: Order of Detention, PageID#25). The Magistrate Judge, in determining whether there were conditions of release that would reasonably assure the appearance of the person as required and the safety of any other person and the community, took into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. §3142(g).

The Government bore the burden of proof by providing clear and convincing evidence. *United States v. Kisling,* 334 F.3d 734, 735 (8th Cir.2003). Magistrate Judge Limbert found that there was credible testimony and information submitted at the hearing to establish by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community, and that no condition or combination of conditions will reasonably assure the safety of the community if Olsen was to be released. (R. 11: Order of Detention, PageID#25).

In making this determination the magistrate considered the serious nature of the instant offense and the circumstances surrounding Olsen's arrest, and stated:

> Olsen admitted to federal law enforcement that he posted an online statement to an increasing number of followers to "shoot every federal

> agent on sight." This post was made in addition to online posts in which Olsen discussed not being able to wait until he could stockpile weapons, he would die to eradicate socialism, he supported breaking gun laws, and he believed that armed resistance worked. Olsen's mother testified that while she did not have concerns regarding Olsen's mental health, she did have concerns regarding his immersion into gun culture and his antisocial views that would not work well in the world and cause social repercussions. Further, upon Olsen's arrest, a large machete was found in the vehicle that he drove. Agents also found in the residence of Olsen's father, with whom he was living, a loaded .9mm Glock lying on a shelf in the family room, and large amounts of ammunition lying on the steps leading upstairs. A gun safe also found in the residence contained over 20 guns, along with body armor and "go" bags. Olsen's father testified that he was an avid gun enthusiast and shooting competitor and he took Olsen to the shooting range. The very serious nature of the offense charged, Olsen's other online posts, his increase in followers of such posts, and his access to weapons lead the undersigned to find that Olsen poses a serious risk of danger to the community if he is released.

(Id.)

    **a. The Magistrate Judge's findings were not clearly erroneous nor contrary to law.**

A detention hearing was conducted and the court heard testimony from Special Agent Tsarnas of the Federal Bureau of Investigation. Special Agent Tsarnas testified that Olsen, using the username ArmyofChrist posted several statements, pictures, and memes over the course of several months. These posts included:

1. An adult male firing machine guns, with the caption: "me walking into the nearest Planned Parenthood."

2. "To be completely honest, I think war in South America would be to the benefit of society as a whole. If we are able to eradicate socialism in Venezuela and then the rest of the continent, I think America would have a decent claim to the territory."

3. "American imperialism is the will of God, and the Western Hemisphere is a good start. I would absolutely die to eradicate Socialism and its variants."

4. If he got up to 5,000 subscribers they would make a video on Discord on how to make an AR auto sear out of a wire coat hanger.

5. "I've said it before and I'll say it again, bombing Planned Parenthood is noble, as is the killing of abortionists…"

6. Photos of an explosion, with the caption, "me thanking God they put a gay bar next to Planned Parenthood right next to each other."

7. "Nobody has a right to tell you what you can and can't do. Don't comply with gun laws, and stock up on stuff they could ban. In fact, go out of your way to break these laws, they're f****** stupid."

8. "Waco, Ruby Ridge, Vietnam, and Afghanistan are all perfect examples of how easy it is for a small armed resistance to defy the government for a period of time. Hell, even the Oklahoma City bombing shows that armed resistance is a viable method of political change. There is no legal solution."

9. Photos of an AR-15 kit he was considering purchasing online.

10. Conversation about stockpiling weapons, and "in conclusion, shoot every federal agent on sight."

(R. 16: Transcript, PageID#39-43).

These posts have allowed unique insight into the Olsen's beliefs and desires to cause harm to people who disagree with him, and to the community. Olsen references several terrorist events that led to the death of innocent members of society. Olsen, when confronted by law enforcement, admitted to posting these statements and photos, but said he was just joking. (Id. at PageID#46).

When Olsen was arrested, he was asked if he had any weapons, he lied to law enforcement and stated that he did not, law enforcement found a machete in the trunk of his car. (R. 16: Transcript, PageID#47-51). Law enforcement conducted a safety sweep of the residence after Olsen gave them consent to search his bedroom. In the home where Olsen was residing, they found large amount of ammunition for assault or high caliber rifles. They also found a loaded firearm laying out on a shelf. Additionally, around the house there were upper and lower receivers, optics, magazines, butt stocks, body armor, blow-out kits,

and crossbows. Literature about firearms, and a hand-made binder containing information on school shootings was also found. (Id.)

Olsen's father testified that everything that was found by law enforcement belonged to him, however, the loaded firearm, firearm pieces, optics, magazines, butt stocks, ammunition, blow-out kits, crossbows, and information about school shootings were accessible by Olsen. Olsen's father had a gun safe with over 26 weapons in it, and he testified that he did not allow Olsen access to it, but that he had taken his son shooting in the past. Olsen's father also testified that he was aware of some of his son's ideologies but still allowed him access to weapons. (Id. at PageID#61-66).

Olsen's mother testified during the detention hearing that she had concerns that her son would hurt himself, that he was immersing himself in weapons culture, and that he had antisocial views. (Id. at PageID#110). She stated she was aware of some of his ideology and had argued with him about it in the past. She had concerns that his views would become more extreme, and that she was glad that he had been caught and stopped (Id. at PageID#79-82).

Based on the testimony presented at the detention hearing, there was clear and convincing evidence that Olsen posed a serious risk to the danger of the community. Olsen has over 4,000 followers, and has the ability to incite violence in an instant. Olsen demonstrated a knowledge of how to purchase firearms online, and had access to weapons. Olsen argues that since he had not yet acted on any of his threats, or purchased any firearms, that he does not pose a danger to the community. However, he did encourage violence, and encourage others to act on his beliefs by shooting federal agents on sight.

The nature and circumstances of the offense charged weigh in favor of detention. Olsen is charged with Threatening to Assault a Federal Law Enforcement Officer, in violation of Title 18 United States Code Sections 115(a)(1)(B), (b)(4) and 2, and Interstate Communication of a Threat, in violation of Title 18, United States Code Section 875(c). These charges involve threats to harm the person of another, specifically to shoot every federal agent on sight. The weight of the evidence against Olsen is strong, as he admitted to law enforcement that he posted the threats. The defendant's own mother was concerned that he would harm himself, and was glad that he had been apprehended before his views became more extreme.

Magistrate Judge Limbert took into consideration that Olsen had no criminal history and a stellar school record, however in balancing the factors found in 18 U.S.C. §3142(g), decided that no release condition or set of conditions will reasonably assure the safety of the community (R. 11: Order of Detention, PageID#25). Magistrate Judge Limbert's ruling was based on reason, evidence, application of the law, and a determination of credibility of the witnesses, therefore it was not clearly erroneous.  Olsen does not allege that Magistrate Judge Limbert's findings were contrary to law, nor does any evidence in the record support that finding.

   b. **If the Court finds Magistrate Judge Limbert's findings to be clearly erroneous, the government requests an additional hearing to provide supplemental information supporting detention that was not known to the government at the time of the initial hearing.**

Information has been received by the government that is relevant to this Court's decision on whether or not to continue the Olsen's detention. This information was not known to the government at the time of the initial detention hearing, and therefore was not provided to the Magistrate Judge. This information has since been disclosed to defense and are attached as exhibits to this motion. If this Court finds that the Magistrate Judge's findings were clearly erroneous, the government respectfully requests a hearing to provide supplemental information in support of detention.

It has been found by law enforcement that Olsen did post instructions on how to make an AR-15 auto sear with a coat hanger.  Olsen also posted a photo of items in an online shopping cart that could be used to make bombs. The shopping cart contained 5 lbs. of black iron oxide, 1 lb. of aluminum powder, wire nails, pipe nipples, and schedule 40 pipe. Other statements encouraging violence were also found, some examples of Olsen's posts include:

   1. "Go shoot your local communist,"

   2. "The NZ shooter was like 95% right,"

   3. "Why suicide, do a regular bomb and you can take out more than one,"

   4. "I'm ready to shoot every cop in Ohio if it means stopping a gun confiscation,"

   5. "And that's when we shoot the cops for trying to take our guns,"

6. "Cool, you should go bomb an abortion clinic," and

7. "First, bombing a building is not murder, second, killing an abortionist isn't even murder."

## II. CONCLUSION

Clear and convincing evidence is present in the record to demonstrate that Olsen is a danger to the community. Magistrate Judge Limbert's findings were not clearly erroneous. For the foregoing reasons, the government respectfully requests that this Court deny Defendant's appeal.

                                                Respectfully submitted,

                                                JUSTIN E. HERDMAN
                                                United States Attorney

By:    /s/ Yasmine Makridis
          Yasmine Makridis (OH: 0090632)
          Assistant United States Attorney
          100 E. Federal Street,
          City Centre One, Suite 325
          Youngstown, OH 44503
          (330) 740-6992
          (330) 746-0239 (facsimile)
          Ymakridis@usa.doj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2019, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                                */s/ Yasmine Makridis*
                                                Yasmine Makridis
                                                Assistant U.S. Attorney