UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:19 CR 494 |
| | ) | |
| | ) | Judge Solomon Oliver, Jr. |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| JUSTIN OLSEN | ) | |
| | ) | |
| Defendant | ) | |

Now comes the Defendant, JUSTIN OLSEN, by and through the undersigned counsel and submits his sentencing memorandum. For the reasons set forth below, the Defendant respectfully requests that this Honorable Court impose a sentence of probation. A probationary disposition is sufficient to comply with the purpose of sentencing set forth in 18 U.S.C. 3553 and only modestly below the advisory guideline range.

On December 23, 2019 pursuant to a written plea agreement and Fed Crim. P. 11(C)(1)(B), the Defendant pleaded guilty to one count of Threatening to Assault a Federal Law Enforcement Officer in violation of Title 18 U.S.C. 115(a)(1)(B). The offense of conviction is a Class C Felony and the Defendant is eligible for a probationary disposition of one to five years. See PSR, ECF No. unavailable, at ¶67. The plea agreement sets forth a base offense level of 12 under U.S.S.G 2A6.1(a)(1) and a two-level increase for substantial risk of inciting others under U.S.S.G. 2A6.1(b)(5). *Id.* at ¶3. The adjusted offense level before acceptance of responsibility

is 14. Pursuant to the plea agreement the government agrees to recommend a two-level reduction for acceptance of responsibility. See Plea Agreement, ECF No. unavailable at ¶16. The Presentence Report similarly recommends a two-level reduction in offense level for acceptance of responsibility. (See PSR, ¶21 and 22.) Accordingly, the total offense level is 12.

The Defendant was arrested by law enforcement officers on August 1, 2019 without incident. The Defendant did not attempt to flee, did not resist or threaten officers, and was polite and cooperative with law enforcement officers Tr. of Detention Hearing, ECF No. 13 at p. 24. The Defendant waived his Miranda Rights and agreed to talk to law enforcement officers, he admitted to the post in question but claimed he was "joking." In a response to a question regarding the June 2, 2019 post discussing Waco and ending with "in conclusion shoot all federal agents on site," the Defendant informed interviewing officers that his statement was a "hyperbolic conclusion based on the results of the Waco siege." *Id.* at p. 27.

The Defendant took no action to follow up on the posted threat. The post about Waco and shooting federal agents was not sent to any identifiable law enforcement officer, was not sent to any identifiable law enforcement office and no federal law enforcement officer or office was targeted. All firearms seized at the times of the Defendant's arrest by law enforcement officers belong to the Defendant's father, Eric Olsen. Eric Olsen informed law enforcement officers that he was a competitive shooter and that all firearms, firearm paraphernalia and ammunition were his. *Id.* at p. 19. The firearms in question were stored in a locked gun safe in the closet in the Eric Olsen's bedroom. The Defendant did not have access to this gun safe. *Id.* at p. 30. In short, the Defendant does not pose a risk of recidivism or a risk of danger to the community.

The Defendant is 18 years of age and the instant action constitutes his only involvement with the criminal justice system. His criminal history score is 0, placing him in a criminal history category of I. With an offense level of 12 and a criminal history category of I, the

guideline imprisonment range is 12-16 months. The applicable guideline range is in Zone C of the sentencing table. Accordingly, the minimum term may be satisfied by either a sentence of imprisonment or a sentence of imprisonment that includes supervised release with a condition substituting home confinement or home detention provided that at least one half of the minimum term is satisfied by imprisonment. See U.S.S.G. 5C1.1. The Defendant was detained from the date of his arrest on August 12, 2019 until December 23, 2019. The Defendant has already served nearly one half of the minimum term prescribed by a strict application of the guidelines at an offense level 12.

As noted by the probation officer a sentence within the guideline imprisonment range may be greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C.3553(a). See PSR at ¶88. The Defendant will request that the Court grant a departure or variance from an offense level 12 to an offense level 10. The government is unlikely to oppose the request. At an offense level 10, criminal history category I, the guideline range is within Zone B of the sentencing table and a sentence of probation is authorized provided intermittent confinement, community confinement, or home detention is imposed. See U.S.S.G. 5C1.1. The Defendant is entitled to approximately 4.5 month of pretrial confinement credit.

The Defendant, barely out of high school, has already suffered substantial negative consequences as a result of his offense behavior. The Defendant was scheduled to enter the University of Texas as a freshman on a full ROTC scholarship. The ROTC scholarship is gone as is the Defendant's acceptance to the University of Texas. Basically, at this point, the only college the Defendant can attend would be an online university. The Defendant accepts full responsibility for his foolhardy conduct and has maturely sought to productively alter his life's plan. He has enrolled in the Flying High Inc. program in Youngstown, Ohio to obtain a machining certification. He hopes to eventually attend a four-year college and pursue a degree in

3

engineering. His machining certification would be a benefit in pursuing a career in engineering and would further allow for meaningful employment during his college education.

As a high school student, the Defendant has a history of volunteerism. During high school he spent over 100 hours volunteering for the Downs Syndrome Association of the Valley. The Defendant would teach the children in the program how to ride their bikes, play tennis and would volunteer at the Downs Syndrome Association's annual fair. The Defendant had no disciplinary infractions while a student at Boardman High School. See Tr. of Detention Hearing, ECF No. 13, p. 69. The Defendant graduated with a 3.8 GPA and was on the tennis team, three academic teams, a member of National Honor Society and participated in science club and French club. *Id.* The Defendant presents with a positive school and social history. He does not present with any mental health, alcohol or substance abuse issues. See PSR at ¶49 and 52. The Defendant has a supportive family and his family will aid him in getting his life back on track. *Id.* at ¶42 - 47. The Defendant has complied with all conditions of his pretrial release.

WHEREFORE, for the reasons set forth above, the Defendant respectfully requests that this Honorable Court impose a sentence of probation.

Respectfully submitted,

/s/J. Gerald Ingram
J. GERALD INGRAM (#0007887)
INGRAM, CASSESE & GRIMM, LLP.
7330 Market Street
Youngstown, Ohio 44512
330/758-2308 (phone) 330/758-8290 (fax)
Attorney for Defendant, Justin Olsen

4

## CERTIFICATE OF SERVICE

  I hereby certify that on the 7th day of July 2020 a copy of the foregoing was electronically filed. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

              /s/J. Gerald Ingram
              J. Gerald Ingram  (#0007887)
              Attorney for Defendant